**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Betty Naranjo, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09 C 5449 |
| | ) | |
| Collectcorp Corporation, a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Betty Naranjo, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.    Plaintiff, Betty Naranjo ("Naranjo"), is a citizen of the State of North Carolina, from whom Defendant attempted to collect a delinquent consumer debt owed to FIA Card Services for a credit card -- likely an MBNA/Bank of America debt -- despite the fact that she was represented by the legal aid attorneys at the Chicago Legal

Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Collectcorp Corporation ("Collectcorp"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From Defendant Collectcorp's offices in Minnesota and Arizona it operates a nationwide collection agency and collects debts in virtually every state.  In fact, Collectcorp was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Naranjo.

5.      Defendant Collectcorp is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois.  See, record from the Illinois Secretary of State attached as Exhibit A.

6.      Moreover, Defendant Collectcorp is licensed as a debt collection agency in the State of Illinois.  See, record from the Illinois Division of Professional Regulation, attached as Exhibit B.

**FACTUAL ALLEGATIONS**

7.      Ms. Naranjo is a senior citizen of limited assets and income, who fell behind on paying her bills.  One such debt she was unable to pay was a debt she originally owed to FIA Card Services.  The FIA Card Services account became delinquent, and eventually, Defendant Collectcorp began collection actions relative to that debt.  Accordingly, Ms. Naranjo sought the assistance of legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program -- a nationwide program to protect seniors and disabled persons in financial

difficulties, where those persons have virtually no assets and their income is protected from collection.

8.      On June 9, 2009, one of Defendant Collectcorp's debt collectors, "Kieran", called Ms. Naranjo's home to demand payment of the FIA debt.  Ms. Naranjo informed the collector that she was represented by the attorneys at LASPD and provided their contact information.

9.      Accordingly, on June 11, 2009, Ms. Naranjo's attorney at LASPD wrote a letter to Defendant Collectcorp to confirm advising Collectcorp that Ms. Naranjo was represented by counsel as to this debt, and directing Collectcorp to cease contacting Ms. Naranjo, and to cease all further collection activities because Ms. Naranjo was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and facsimile confirmation are attached as Exhibit C.

10.      Moreover, on June 12, 2009, Defendant Collectcorp's debt collector, "Nisreen", called LASPD, and left a message asking for a return call.  Accordingly, a paralegal from LASPD returned the call and left a message confirming that LASPD represented Ms. Naranjo and that collection efforts should cease.

11.      On June 13 and 15, 2009, Defendant Collectcorp called LASPD and again requested that LASPD call it to discuss Ms. Naranjo's debt.  A paralegal from LASPD again called Collectcorp back and spoke with its debt collector, Nisreen, confirmed LASPD's representation of Ms. Naranjo and requested that Defendant Collectcorp cease collections.

12.      Nonetheless, Defendant Collectcorp's debt collector, "Nebeel", called LASPD on June 16 and 17, 2009, and left message requesting a return call to discuss

payment of Ms. Naranjo's debt. When a paralegal form LASPD tried to return those calls, she was stuck in an endless voicemail loop and was unable to reach the collector.

13.     Further, despite being repeatedly advised that Ms. Naranjo was represented by an attorney, Defendant Collectcorp's debt collectors also called Ms. Naranjo at her home on June 12, 2009 ("Serene"), June 15, 2009 ("Nebeel"), and June 25, 2009 ("Nebeel").

14.     Defendant Collectcorp also sent directly to Ms. Naranjo an initial form collection letter, dated June 17, 2009, demanding payment of FIA debt. A copy of this collection letter is attached as Exhibit D.

15,     Defendant Collectcorp's debt collector, "Janice", also called LASPD on July 15, 2009, and left a message requesting that LASPD call it to discuss payment of Ms. Naranjo's account. A paralegal from LASPD returned the call, confirmed to Janice that Ms. Naranjo was represented by counsel and that collection efforts should cease.

16.     Accordingly, on July 16, 2009, Ms. Naranjo's LASPD attorney sent Defendant Collectcorp a letter confirming that Ms. Naranjo was represented and that directly communicating with Ms. Naranjo, via collection letters and telephone calls had to cease. Copies of this letter and fax confirmation are attached as Exhibit E.

17.     All of the collection actions at issue occurred within one year of the date of this Complaint.

18.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

4

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

19.     Plaintiff adopts and realleges ¶¶ 1-18.

20.     Section 1692c(c) of the FDCPA prohibits a debt collector from
communicating with a consumer after a direction to cease communications and from
continuing to demand payment of a debt that the consumer has indicated that they
refuse to pay.  See, 15 U.S.C. § 1692c(c).

21.     Here, Ms. Naranjo's agent, LASPD, repeatedly told Defendant Collectcorp
in writing, and orally, to cease all collection actions and that she refused to pay her
debts (Exhibit C).  By continuing to communicate with Ms. Naranjo, and continuing to
demand payment of the debt, Defendant Collectcorp violated § 1692c(c) of the FDCPA.

22.     Defendant Collectcorp's violation of § 1692c(c) of the FDCPA renders it
liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15
U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

23.     Plaintiff adopts and realleges ¶¶ 1-18.

24.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from
communicating with a consumer if the debt collector knows the consumer is
represented by an attorney with respect to such debt and has knowledge of, or can
readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

25.     Defendant knew that Ms. Naranjo was represented by counsel in
connection with this debt because she and her LASPD attorneys had informed

Defendant, in writing and orally, that she was represented by counsel, and had directed Defendant to cease all collection activities and to cease directly communicating with Ms. Naranjo.  By directly calling Ms. Naranjo, despite being advised that Ms. Naranjo was represented by counsel, Defendant Collectcorp violated § 1692c(a)(2) of the FDCPA.

26.     Defendant Collectcorp's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C.  § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Betty Naranjo, prays that this Court:

1.     Find that Defendant Collectcorp's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Naranjo, and against Defendant Collectcorp, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Betty Naranjo, demands trial by jury.

Betty Naranjo,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  September 2, 2009

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com